STATE OF MAINE                                      SUPERIOR COURT
                                                    Civil Action
Sagadahoc, ss.                                      Docket No. CV-13-22


JONATHAN R. DAY,

                    Plaintiff

            v.

CAROL R. REECE &
TOWN OF PHIPPSBURG

                    Defendants


## JUDGMENT

This case has been remanded to this court for further proceedings consistent with the mandate of the Supreme Judicial Court of Maine, sitting as the Law Court.

A conference of counsel was held telephonically July 7, 2015, with attorneys Poliquin, Neagle and Maher participating for Plaintiff Jonathan R. Day, Defendant Carol R. Reece, and Defendant Town of Phippsburg respectively. The purpose of the conference was for the court to obtain counsel's views on what, if any, further proceedings are called for. Counsel agree that the only further step needed is for this court to enter judgment for Plaintiff consistent with the last sentence of the Law Court opinion. Accordingly, paragraph 2 below awards declaratory relief by including the pertinent portion of that sentence *verbatim*.

The court was also advised that, after the Law Court's ruling, the Town amended the Phippsburg Shoreland Zoning Ordinance (PSZO) to read in accordance with this court's interpretation of it, so that this judgment applies only to the version of the PSZO interpreted in this case.

1

Consistent with the mandate of the Supreme Judicial Court of Maine, sitting as the Law Court, it is hereby ORDERED AND ADJUDGED as follows:

1. Judgment is hereby awarded to the Plaintiff Jonathan R. Day.

2. It is hereby declared that the Phippsburg Shoreland Zoning Ordinance, in the form interpreted in this case, provides that the grandfathered status of a merged nonconforming lot is permanently lost when that merged lot is unlawfully divided.

3. Plaintiff is hereby awarded his recoverable costs as the prevailing party.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this order by reference in the docket.

Dated July 7, 2014

A. M. Horton
Justice, Superior Court

```
JONATHAN R DAY  - PLAINTIFF                    SUPERIOR COURT
15 CARDINAL PLACE                              SAGADAHOC, ss.
WYOMISSING PA 19610                            Docket No  BATSC-CV-2013-00022
Attorney for: JONATHAN R DAY
JAMES D POLIQUIN  - RETAINED
NORMAN HANSON & DETROY LLC                     DOCKET RECORD
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600


vs
CAROL R REECE  - DEFENDANT
78 MAIN ROAD
PHIPPSBURG ME 04562
Attorney for: CAROL R REECE
CHRISTOPHER S NEAGLE  - RETAINED
TROUBH HEISLER
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011

TOWN OF PHIPPSBURG - DEFENDANT
1042 MAIN ROAD
PHIPPSBURG ME 04562
Attorney for: TOWN OF PHIPPSBURG
JESSICA L MAHER  - RETAINED
MONCURE & BARNICLE
9 BOWDOIN MILL ISLAND
PO BOX 636
BRUNSWICK ME 04011


Filing Document: COMPLAINT              Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 04/29/2013
```

STATE OF MAINE

Sagadahoc, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-13-22
AMH - SAG - 1/7/2014

JONATHAN R. DAY,

Plaintiff

v.

CAROL R. REECE &
TOWN OF PHIPPSBURG

Defendants

## ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Jonathan R. Day's Motion to Alter or Amend Judgment, along with the oppositions of Defendants Carol R. Reece and the Town of Phippsburg and Plaintiff's reply, is before the court. The court elects to decide the Plaintiff's Motion without hearing. *See* M.R. Civ. P. 7(b)(7).

Plaintiff's Motion addresses that portion of the court's December 3, 2013 Decision and Judgment that concludes, based on the materials in the summary judgment record, that Defendant's two lots never merged while they were both owned by Fred Spear. From the Plaintiff's motion, it appears that the Plaintiff omitted from the summary judgment record a fact—that the Phippsburg Shoreland Zoning Ordinance was amended in 1989—that, had it been in the record, could have changed the court's analysis.

One view of the Plaintiff's Motion to Alter or Amend is that, having moved for summary judgment, the Plaintiff is stuck with the record that he chose to put before the court. As the Plaintiff's Motion acknowledges, at oral argument the court did raise the issue of whether the two lots had ever merged while owned by Mr. Spear, so the court's

1

analysis to that effect should not have been a complete surprise. On the other hand, a party moving for summary judgment need not load the summary judgment record with material regarding an uncontested issue, so that in this case, the Plaintiff was justified in not including in his summary judgment filing, the 1989 amendment of the PSZO that he now seeks to bring to the court's attention.

Based on the record before it at the time, the December 3, 2013 Decision and Judgment was correct in concluding that the two lots did not merge while they were both owned by Mr. Spear. Based on the new information that the Plaintiff has now put before the court in his Motion to Alter or Amend, it would appear that the court's conclusion that the two lots did not merge while Mr. Spear owned them both was incorrect and should be withdrawn.

However, as Defendants Reece and the Town note in their opposition to Plaintiff's Motion to Alter or Amend Judgment, the point at issue was not the sole basis for the grant of judgment in favor of Defendant Reece. The court ultimately decided that, even if the two lots did merge while they both were owned by Mr. Spear, they are entitled to grandfathered status under the Phippsburg Shoreland Zoning Ordinance by virtue of being in Defendant Reece's common ownership today.

Assuming Mr. Spear's two lots had merged by operation of the PSZO at some point while he owned them both, he violated the PSZO by conveying them separately. *See* PSZO § 1.5.5(b) (prohibiting any division of a lot that "creates any dimension or area below the requirements of this Ordinance"); *id.* § 12(A)(1) ("Except as otherwise provided in this Ordinance, a non-conforming condition shall not become more non-conforming. Ms. Reece's acquisition of Lot 114 last year corrects that violation. As a result, Ms. Reece owns a combined lot that meets the PSZO definition of non-

2

conforming lot: "A non-conforming lot of record as of the effective date of this Ordinance or amendment thereto may be built upon . . ." PSZO § 12(E)(1).

Notably the PSZO does not require the non-conforming lot to have been of record throughout, and nothing in any statute or case cited by the parties, including *Farley v. Town of Lyman*, 557 A.2d 197, 201 (Me. 1989), on which both parties rely, suggests that an illegally divided merged lot can never be restored to grandfathered status by undoing the division and recombining the smaller lots in the same ownership.

Thus, even if the court's December 3, 2013 Decision and Judgment were amended to withdraw the alternative basis for the court's conclusion to which the Plaintiff objects, the judgment would still stand and should not be altered or amended. The appropriate course is for the court to grant the Plaintiff's Motion, but only to the extent of this Order, and otherwise to deny the Motion.

IT IS HEREBY ORDERED: Plaintiff's Motion to Alter or Amend is hereby granted to the extent of this Order, and is otherwise denied. Defendant Reece's renewed request for sanctions, made in her opposition, is denied, as are her and the Defendant Town's requests for attorney fees.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this order by reference in the docket.

Dated January 7, 2014

A. M. Horton
Justice, Superior Court

3

```
JONATHAN R DAY  - PLAINTIFF                          SUPERIOR COURT
1' 'ARDINAL PLACE                                    SAGADAHOC, ss.
W.  .SSING PA 19610                                  Docket No  BATSC-CV-2013-00022
Attorney for: JONATHAN R DAY
JAMES D POLIQUIN  - RETAINED
NORMAN HANSON & DETROY LLC                              DOCKET RECORD
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600


vs
CAROL R REECE  - DEFENDANT
78 MAIN ROAD
PHIPPSBURG ME 04562
Attorney for: CAROL R REECE
CHRISTOPHER S NEAGLE  - RETAINED
TROUBH HEISLER
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011


TOWN OF PHIPPSBURG - DEFENDANT
1042 MAIN ROAD
PHIPPSBURG ME 04562
Attorney for: TOWN OF PHIPPSBURG
JESSICA L MAHER  - RETAINED
M   JRE & BARNICLE
9 BOWDOIN MILL ISLAND
PO BOX 636
BRUNSWICK ME 04011


Filing Document: COMPLAINT              Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 04/29/2013
```

## Docket Events:

04/30/2013 FILING DOCUMENT - COMPLAINT FILED ON 04/29/2013

STATE OF MAINE

Sagadahoc, ss

JONATHAN R. DAY,

. Plaintiff

v.                                          Civil Action Docket No. BATSC-CV-13-22

CAROL R. REECE

and

TOWN OF PHIPPSBURG,

Defendants

## DECISION AND JUDGMENT

Plaintiff Jonathan R. Day moves for summary judgment on his claim that
Defendant Carol R. Reece's property is not a non-conforming lot of record under the
Phippsburg Shoreland Zoning Ordinance. Defendant Reece opposes the motion and
requests summary judgment in her favor against Plaintiff Day. *See* M.R. Civ. P. 56(c)
(summary judgment may be rendered against the moving party). Several other motions
are also pending. Based on the entire record, the court decides pending motions and
renders final judgment as set forth herein.

### Background

This case concerns the status of two vacant, abutting lots, lot 113 and lot 114 as
labeled on the Town of Phippsburg's Tax Map 14. On November 30, 1987, Joseph T.
Spear, who already owned lot 113, acquired lot 114 to become the common owner of
both lots. (Pl.'s S.M.F. ¶ 9.) On March 9, 1991, Mr. Spear conveyed Lot 113 to

Defendant Carol Reece, and conveyed lot 114 to Mary Kate Izzo. (Pl.'s S.M.F. ¶ 8; Exhibit N.)

In 2012, Ms. Reece made plans to make improvements on her lot that would allow her to park a seasonal camper on her property. (Def.'s A.S.M.F. ¶ 34; Reece Aff. ¶¶ 6-7.) In April 2012, Ms. Reece requested and was issued a "no enforcement" letter from the Phippsburg Board of Selectmen regarding any zoning violations that may have occurred when Mr. Spear conveyed lot 113 and lot 114 separately. (Pl.'s S.M.F. ¶¶ 13-14.)[1] The letter concluded that the Town "will consider both lots to be lawful non-conforming lots." (Pl.'s S.M.F. ¶ 15.)

Mr. Day owns property on Surf Road adjacent to lots 113 and 114. On April 29, 2013, he filed a complaint against Ms. Reece and the Town of Phippsburg ("the Town"), seeking a declaratory judgment that lot 113 was not a "lawful non-conforming lot" ("grandfathered lot") under the Phippsburg Shoreland Zoning Ordinance ("PSZO"). (Compl. ¶ 35.)[2] The Town filed a motion to dismiss on June 25, 2013, which Ms. Reece joined. Mr. Day opposed the motion and moved for summary judgment on July 5, 2013. The court denied the motion to dismiss count I of the complaint on August 15, 2013.

Meanwhile, Ms. Reece acquired lot 114 by deed from Mary Kate Izzo dated July 23, 2013. (Def.'s A.S.M.F. ¶ 38.) After acquiring the Izzo lot, Ms. Reece responded to Mr. Day's motion for summary judgment and requested judgment in her favor on the grandfathered status of her combined lots. After a status conference on September 3, 2013, the court issued an order allowing Mr. Day to respond to Ms. Reece's request for

---

[1] By agreement, Ms. Reece did not respond to paragraphs 2, 4, 7, and 10-19 of Plaintiff's statement of material fact. They are referenced here for context only.

[2] Mr. Day's complaint also included a second count regarding Ms. Reece's claimed right-of-way. The parties have stipulated to dismiss Count II of the complaint as well as Ms. Reece's counterclaim. *See Partial Stipulation* docketed Aug. 13, 2013.

judgment in light of the new conveyance. Mr. Day filed his opposition on September 13, 2013, to which Ms. Reece replied on September 20, 2013.

Mr. Day has also moved to supplement the record with the PSZO and moved to dismiss the Town without prejudice. Ms. Reece opposes both motions and the Town objects to being dismissed without prejudice. Ms. Reece has requested sanctions against Mr. Day—a request that the court deems unjustified under the circumstances and therefore denies without further discussion.

Oral argument on pending motions was held November 5, 2013, at which point the court took the motions under advisement.

## Analysis

### 1. *Standard of Review*

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745 (quoting *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178). "Summary judgment, when appropriate, may be rendered against the moving party." M.R. Civ. P. 56(c).

None of the parties has suggested that there are any genuine issues of material fact precluding summary judgment, and the court likewise sees none. The controlling issues are issues of law.

### 2. *Preliminary Issues: Status of the Town as a Defendant; Status of Ordinance in the Record*

Before turning to the merits, this order addresses two preliminary issues:

3

Mr. Day contends that the Town can be dismissed as a party because he is no longer seeking relief against the Town. Ms. Reece argues that the Town is an essential party to adjudicate the current zoning status of Ms. Reece's combined lot. The Town objects to being dismissed without prejudice. Under Rule 41, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." M.R. Civ. P. 41(a)(2). The court concludes that there is no sufficient reason to dismiss the Town as a defendant in this case, particularly if there will be any further proceedings regarding the Reece property before any Town of Phippsburg board.

The parties dispute whether the PSZO is properly in the record. Given that the court has already considered sections of the PSZO in its order on Defendants' motion to dismiss, that neither party challenges the authenticity of the document, and that the PSZO is a matter of public record, the court takes judicial notice of the PSZO and includes it in the summary judgment record. *See D'Amato v. S.D. Warren Co.*, 2003 ME 116, ¶ 13 n.2, 832 A.2d 794 (taking judicial notice of Workers' Compensation Board's meeting minutes because they were a matter of public record).

3. *Summary Judgment Analysis*

The primary legal issue before the Court is whether, after Ms. Reece acquired lot 114 from Ms. Izzo, the combined lot, consisting of Lots 113 and 114, either retained or regained grandfathered status as a nonconforming lot of record under the PSZO. A reviewing court must construe a zoning ordinance "with regard both to the objects sought to be obtained and to the general structure of the ordinance as a whole." *Aydelott v. City of Portland*, 2010 ME 25, ¶ 12, 990 A.2d 1024 (quoting *LaPointe v. City of Saco*, 419 A.2d 1013, 1015 (Me. 1980)).

4

When Mr. Spear acquired his second lot in 1987, section 1.5.5.b of the PSZO then in effect provided:

> If two or more contiguous parcels are in single ownership of record *at the time of original adoption or amendment of this Ordinance*, and if all or part of the lots do not meet the dimensional requirements of this Ordinance, the lands involved shall be considered to be a single parcel for the purposes of this ordinance and no portion of said parcel shall be built upon or sold which does not meet the dimensional requirements of this ordinance; nor shall any division of the parcel be made which creates any dimension or area below the requirements of this Ordinance.

(Town's S.M.F. ¶2) (emphasis added). *See also* Affidavit of Chris Neagle Ex. 1 (containing section 15 of the 1986 version of the PSZO).

This version of the PSZO was adopted in 1986 and was not amended until 1992. (Town's S.M.F. ¶2) Mr. Spear acquired the second lot after the ordinance was adopted, and conveyed both lots to different grantees before it was amended. Thus, read literally, the "single ownership of record at the time of original adoption or amendment of this Ordinance" phrase in the 1986 PSZO merger provision means that the merger provision does not apply to lots 113 and 114.

The Law Court has in effect already endorsed precisely such a literal reading. In *Farley v. Town of Lyman*, the court held that an identically worded clause—"single ownership of record at the time of original adoption or amendment of this Ordinance"—could not be construed to apply continuously—i.e. the phrase could not be read to mean "single ownership of record at the time of original adoption or amendment of this Ordinance *or thereafter.*" 557 A.2d 197, 201 (Me. 1989) (emphasis in original). *See also Appeal of Weeks*, 712 A.2d 907, 909 (Vt. 1998) ("[W]e find no statutory language which requires that undersized lots *remain* in separate and nonaffiliated ownership beyond the effective date of the ordinance in order to retain their grandfathered status.").

Thus, the PSZO merger provision that was in effect from 1986 through 1992 did not operate to merge the lots when Mr. Spear acquired the second lot in 1987. It

5

follows, therefore, that when he conveyed his two lots to Defendant Reece and Ms. Izzo in 1991, each lot continued to be a non-conforming lot of record. *See* PSZO § 12(B)(1) ("Non-conforming structures, lots, and uses may be transferred, and the new owner may continue the non-conforming use or continue to use the non-conforming structure or lot, subject to the provisions of this Ordinance.").

In 1992, after Mr. Spear had already conveyed the two lots to different grantees, the PSZO was amended to include the following merger provision (Town's S.M.F. ¶3):

> Contiguous Lots – Vacant or Partially Built: If two or more contiguous lots or parcels are in single or joint ownership of record at the time of *or since* adoption or amendment of this Ordinance, if any of these lots do not individually meet the dimensional requirements of this Ordinance or subsequent amendments, and if one or more of the lots are vacant or contain no principal structure the lots shall become combined to the extent necessary to meet the dimensional requirements.

PSZO § 12(E)(3) (emphasis added).

The addition of the words "or since" plainly expands the scope of the merger clause, but importantly the 1992 amendment did not purport to apply retroactively, nor could it be applied retroactively to lots 113 and 114 because to do so would retroactively convert the 1991 conveyances into an illegal division of a merged conforming lot under the above-quoted section 1.5.5b of the PSZO in effect as of 1991.

In 1993, a new Town ordinance was adopted but the pertinent provisions regarding non-conforming lots of record were carried over unchanged. (Town's S.M.F. ¶4)

However, in 2009, the title of the PSZO's non-conforming lot section—section 12(E)— was amended to read: "Non-conforming Lots (for the purpose of this section the effective date is January 1, 1989)", although the text of section 12(E) remained unchanged. (Town's S.M.F. ¶5; PSZO § 12(E).) That section now provides: "A non-

6

conforming lot of record as of the effective date of this Ordinance or amendment thereto may be built upon, without the need for a variance, provided that such lot is in separate ownership and not contiguous with any other lot in the same ownership . . . ." PSZO § 12(E)(1).[3]

What the court concludes from the foregoing sequence is as follows:

• Because the PSZO merger provision in effect from 1986 to 1992 was phrased to apply only to lots in common ownership at the time of adoption or at the time of amendment, Mr. Spear's lots did not merge when he acquired the second lot in 1987 and they retained individual grandfathered status when he conveyed them to Defendant Reece and Ms. Izzo in 1991

• Neither the 1992 amendment nor the 2009 adoption of a 1989 effective date for the non-conforming lot section of the PSZO could retroactively operate to destroy the grandfathered status of the two lots, because they were in separate ownership as of both 1992 and 2009. Similarly, neither the 1992 amendment nor the 2009 enactment could retroactively convert Mr. Spear's 1991 conveyances, which were valid under the PSZO in effect at the time, into an illegal division of a merged lot.

• When Ms. Reece acquired lot 114 in 2013, lots 113 and 114 merged into a single lot under the current PSZO. *See* PSZO § 12(E)(3). This new combined lot is a non-conforming lot of record. *See Power v. Town of Shapleigh,* 606 A.2d 1048, 1049 (Me. 1992) (finding that three non-conforming lots of record, when

---

[3] The current version of the PSZO uses the same January 1, 1989 effective date in defining the term "lot of record." PSZO § 18(B) ("[a] parcel of land, the dimensions of which is shown on a document or map on file with the County Register of Deeds or in common use by Town or County Officials, as of January 1st, 1989."). No prior versions of that definition are in the record. Based on the January 1, 1989 effective date being added to section 12(E) only as of 2009, the court infers the same effective date was imported into section 18 at the same time.

7

merged, created a non-conforming lot of record). Since this lot is "not contiguous with any other lot in the same ownership," the exception under PSZO § 12(E)(1) applies.

Plaintiff Day has a different view. His position is, because the 2009 amendment of the PSZO establishes an effective date of January 1, 1989, the merger provision adopted in 1992 applies retroactively to January 1, 1989, and means that Mr. Spear's lots were merged automatically as of that date. The other parties appear not to disagree.

Under the parties' interpretation of events, the 2009 enactment of a 1989 effective date for the PSZO means that the merger provision adopted in 1992 caused Mr. Spear's two lots to merge automatically as of that 1989 effective date. As a result of that merger, his conveyance of the two lots to separate grantees was retroactively rendered unlawful because the PSZO prohibits the division of a merged lot. *See* Town's S.M.F. ¶ 2, *quoting* former section 1.5.5.b; PSZO § 12(E).

In the court's view, the retroactive application of the merger provision presents a troublesome *ex post facto* law issue as to lots 113 and 114, because it retroactively renders illegal Mr. Spear's 1991 conveyances to separate grantees, which were lawful under the PSZO in effect at the time. It is the court's duty to construe ordinance provisions in a manner that preserves their constitutional validity. *See Driscoll v. Mains,* 2005 ME 52, ¶ 6, 870 A.2d 124, 126.

However, notwithstanding this divergence of interpretation, the court concludes that the outcome is the same under either the court's interpretation of events or the parties' interpretation. Whether or not the two lots were ever previously merged, they

are now, and the resulting combined lot is entitled to grandfathered status under the PSZO.

In *Farley v. Town of Lyman, supra,* the Law Court concluded that, under the applicable town ordinance, two lots "once merged lose their individual grandfathered status as nonconforming lots." *Farley v. Town of Lyman,* 557 A.2d 197, 201 (Me. 1989). In that case, the plaintiff and her sister each owned a grandfathered non-conforming lot. *Id.* at 198. The two lots were contiguous, and the plaintiff conveyed her lot to her sister. *Id.* at 199. The sister then conveyed the plaintiff's original lot back to the plaintiff. *Id.* Plaintiff argued that, because her lot was the same as it was on the effective date of the zoning ordinance, it should retain its grandfathered status. *Id.* The *Farley* Court rejected the plaintiff's argument and held that merged lots lose their individual grandfathered status because the purpose of the zoning ordinance at issue was to "abate nonconformities as soon as it is fair to do so." *Id.* at 201.

The rule of *Farley* is that the merger of two grandfathered lots irreversibly destroys their individual grandfathered status. The court in *Farley* was concerned that allowing landowners to undo automatic mergers and retain individual grandfathered status would undermine the goal of gradually eliminating non-conforming lots and uses. The PSZO ordinance articulates the identical goal:

Section 12(A) of the PSZO states:

> It is the intent of this Ordinance to promote land use conformities, except that nonconforming conditions that existed before the effective date of this Ordinance or amendments thereto shall be allowed to continue, subject to the requirements set forth in Section 12. Except as otherwise provided in this Ordinance, a non-conforming condition shall not become more non-conforming.

PSZO § 12(A)(1) (June 9, 2009).

9

However, the *Farley* opinion addresses only the grandfathered status of the two individual lots. Nothing in the *Farley* opinion addresses the grandfathered status of the merged lot, or suggests that the two lots could not again be combined into a single merged and grandfathered lot. In fact, because the division of a merged lot into two is illegal under the PSZO,

Depending on which of the two interpretations of the history is adopted, Defendant Reece's acquisition of lot 114 earlier this year resulted either in the merger of two nonconforming lots of record into a grandfathered combined lot (the court's interpretation), or in the reunification of two lots that were illegally separated in violation of the PSZO (the parties' interpretation). In either case, today Ms. Reece owns a combined lot that meets the PSZO definition of non-conforming lot: "A non-conforming lot of record as of the effective date of this Ordinance or amendment thereto may be built upon . . ." PSZO § 12(E)(1).

Ms. Reece's combined lot is also less non-conforming than the two separately owned lots, thereby fulfilling a goal of the PSZO. Accordingly, the court concludes that her merged lot, consisting of lots 113 and 114, is a non-conforming lot of record entitled to grandfathered status under the PSZO.

IT IS HEREBY ORDERED:

(1) Plaintiff Jonathan Day's Motion to Supplement the Record is granted.

(2) Plaintiff Jonathan Day's Motion for Summary Judgment on Count I of the Complaint is denied.

(3) Plaintiff Jonathan Day's Motion to Dismiss the Town Without Prejudice is denied.

10

(4) Pursuant to M.R. Civ. P. 56(c), summary judgment is hereby awarded to Defednant Carol R. Reece on Count I of the Complaint, together with her costs.

(5) The Town of Phippsburg is also awarded its costs.

(6) Defendant Reece's request for sanctions is denied.

(7) It is hereby declared and adjudged that lots 113 and 114 as shown on Town of Phippsburg Tax Map 14 constitute together a single non-conforming lot of record for purposes of section 12 of the Town of Phippsburg, Maine Shoreland Zoning Ordinance.

Count II of the complaint and the counterclaim filed by Defendant Reece have already been dismissed.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Decision and Judgment by reference in the docket.

Dated December 3, 2013

A. M. Horton
Justice, Superior Court

11

JONATHAN R DAY   - PLAINTIFF
15 CARDINAL PLACE
WYOMISSING PA 19610
Attorney for: JONATHAN R DAY
JAMES D POLIQUIN   - RETAINED
NORMAN HANSON & DETROY LLC
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600


vs
CAROL R REECE   - DEFENDANT
78 MAIN ROAD
PHIPPSBURG ME 04562
Attorney for: CAROL R REECE
CHRISTOPHER S NEAGLE   - RETAINED
TROUBH HEISLER
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011

TOWN OF PHIPPSBURG - DEFENDANT
1042 MAIN ROAD
PHIPPSBURG ME 04562
Attorney for: TOWN OF PHIPPSBURG
JESSICA L MAHER   - RETAINED
MONCURE & BARNICLE
9 BOWDOIN MILL ISLAND
PO BOX 636
BRUNSWICK ME 04011


Filing Document: COMPLAINT
Filing Date: 04/29/2013

SUPERIOR COURT
SAGADAHOC, ss.
Docket No   BATSC-CV-2013-00022


**DOCKET RECORD**

Minor Case Type: DECLARATORY JUDGMENT

STATE OF MAINE

Sagadahoc, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-13-22
*AMH - SAG - 1/7/2014*

JONATHAN R. DAY,

Plaintiff

v.

CAROL R. REECE &
TOWN OF PHIPPSBURG

Defendants

## ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Jonathan R. Day's Motion to Alter or Amend Judgment, along with the oppositions of Defendants Carol R. Reece and the Town of Phippsburg and Plaintiff's reply, is before the court. The court elects to decide the Plaintiff's Motion without hearing. *See* M.R. Civ. P. 7(b)(7).

Plaintiff's Motion addresses that portion of the court's December 3, 2013 Decision and Judgment that concludes, based on the materials in the summary judgment record, that Defendant's two lots never merged while they were both owned by Fred Spear. From the Plaintiff's motion, it appears that the Plaintiff omitted from the summary judgment record a fact—that the Phippsburg Shoreland Zoning Ordinance was amended in 1989—that, had it been in the record, could have changed the court's analysis.

One view of the Plaintiff's Motion to Alter or Amend is that, having moved for summary judgment, the Plaintiff is stuck with the record that he chose to put before the court. As the Plaintiff's Motion acknowledges, at oral argument the court did raise the issue of whether the two lots had ever merged while owned by Mr. Spear, so the court's

1

analysis to that effect should not have been a complete surprise. On the other hand, a party moving for summary judgment need not load the summary judgment record with material regarding an uncontested issue, so that in this case, the Plaintiff was justified in not including in his summary judgment filing, the 1989 amendment of the PSZO that he now seeks to bring to the court's attention.

Based on the record before it at the time, the December 3, 2013 Decision and Judgment was correct in concluding that the two lots did not merge while they were both owned by Mr. Spear. Based on the new information that the Plaintiff has now put before the court in his Motion to Alter or Amend, it would appear that the court's conclusion that the two lots did not merge while Mr. Spear owned them both was incorrect and should be withdrawn.

However, as Defendants Reece and the Town note in their opposition to Plaintiff's Motion to Alter or Amend Judgment, the point at issue was not the sole basis for the grant of judgment in favor of Defendant Reece. The court ultimately decided that, even if the two lots did merge while they both were owned by Mr. Spear, they are entitled to grandfathered status under the Phippsburg Shoreland Zoning Ordinance by virtue of being in Defendant Reece's common ownership today.

Assuming Mr. Spear's two lots had merged by operation of the PSZO at some point while he owned them both, he violated the PSZO by conveying them separately. *See* PSZO § 1.5.5(b) (prohibiting any division of a lot that "creates any dimension or area below the requirements of this Ordinance"); *id.* § 12(A)(1) ("Except as otherwise provided in this Ordinance, a non-conforming condition shall not become more non-conforming. Ms. Reece's acquisition of Lot 114 last year corrects that violation. As a result, Ms. Reece owns a combined lot that meets the PSZO definition of non-

2

conforming lot: "A non-conforming lot of record as of the effective date of this Ordinance or amendment thereto may be built upon . . ." PSZO § 12(E)(1).

Notably the PSZO does not require the non-conforming lot to have been of record throughout, and nothing in any statute or case cited by the parties, including *Farley v. Town of Lyman*, 557 A.2d 197, 201 (Me. 1989), on which both parties rely, suggests that an illegally divided merged lot can never be restored to grandfathered status by undoing the division and recombining the smaller lots in the same ownership.

Thus, even if the court's December 3, 2013 Decision and Judgment were amended to withdraw the alternative basis for the court's conclusion to which the Plaintiff objects, the judgment would still stand and should not be altered or amended. The appropriate course is for the court to grant the Plaintiff's Motion, but only to the extent of this Order, and otherwise to deny the Motion.

IT IS HEREBY ORDERED: Plaintiff's Motion to Alter or Amend is hereby granted to the extent of this Order, and is otherwise denied. Defendant Reece's renewed request for sanctions, made in her opposition, is denied, as are her and the Defendant Town's requests for attorney fees.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this order by reference in the docket.

Dated January 7, 2014

A. M. Horton
Justice, Superior Court

3

JONATHAN R DAY  - PLAINTIFF
15 CARDINAL PLACE
WYOMISSING PA 19610
Attorney for: JONATHAN R DAY
JAMES D POLIQUIN  - RETAINED
NORMAN HANSON & DETROY LLC
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600


vs
CAROL R REECE  - DEFENDANT
78 MAIN ROAD
PHIPPSBURG ME 04562
Attorney for: CAROL R REECE
CHRISTOPHER S NEAGLE  - RETAINED
TROUBH HEISLER
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011

TOWN OF PHIPPSBURG - DEFENDANT
1042 MAIN ROAD
PHIPPSBURG ME 04562
Attorney for: TOWN OF PHIPPSBURG
JESSICA L MAHER  - RETAINED
MONCURE & BARNICLE
9 BOWDOIN MILL ISLAND
PO BOX 636
BRUNSWICK ME 04011

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-CV-2013-00022


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 04/29/2013

**Docket Events:**
04/30/2013 FILING DOCUMENT - COMPLAINT FILED ON 04/29/2013